**SALAI VAOGA and MUSI MOALELE, Plaintiffs,**

**v.**

**WILLIE WONG, Defendant.**

High Court of American Samoa
Land and Titles Division

LT No. 18-02

June 9, 2003

Before KRUSE, Chief Justice, LOGOAI, Chief Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Plaintiffs, S. Salanoa Aumoeualogo
 For Defendant, David P. Vargas

## OPINION AND ORDER

In June 1988, the defendant Willie Wong and his late wife Mafa conveyed, by warranty deed, a small portion of their land in Ottoville to the plaintiff Salai Vaoga and her late husband Asuelu. The conveyance comprised 0.088 acres, more or less, and the deed is recorded with the Territorial Registrar in Land Transfers, Volume 5, at pages 202-203.

In April 2002, the defendant erected a rock wall west of the plaintiff's boundary line with the obvious purpose of preventing the latter's encroachment. Before the rock wall was built, plaintiff was using an area of defendant's adjacent land for a cook-house, to partially locate the base for a set of concrete steps to her front door, and to facilitate the parking of vehicles next to her home. After the rock wall was built, plaintiff instituted these proceedings. She seeks to have the rock wall removed and to require the defendant to convey her an additional area of his adjacent land lying westward to her parcel.

Plaintiff's theories are threefold and framed in the alternative: the first is an oral agreement between Mafa Wong and her late husband Asuelu for the sale and purchase of additional land (now encumbered by the rock

wall); the second is an easement of necessity; and the third is the claim to an established irrevocable license.

## 1. Oral Agreement

■ Plaintiff in her written final argument appears to have abandoned her first theory as it was not further addressed and argued. In any event, an oral agreement of the sale and purchase of land is "not valid." *See* A.S.C.A. § 37.0211.[1] The very obvious aim of this enactment is to address the potential for mischief that can be wrought with fact scenarios such as that before us--an oral contract for the sale and purchase of land, without specific details, alleged to have been concluded between two dead parties.

## 2. Easement of Necessity

■ As to plaintiff's second theory, an easement of necessity is only viable if the facts reveal that the subject of the grant is an inaccessible land-locked parcel of land. *See Sese v. Leota*, 9 A.S.R.2d 25, 30 (Land & Titles Div. 1998) ("Where a subdivided piece of land is found to be without access to a road, an easement arises by implication over the other part or parts of the land subdivided, if such easement is strictly necessary for the beneficial use of the tract sold."). In addition to the evidence taken in-court, the Judges had the benefit of a site visit as well. From the evidence and from firsthand observation at the site, we find that the plaintiff's parcel of land is not land-locked. There is unobstructed access to plaintiff's land. Her problem is that her small lot is substantially blanketed by her home, which has quite obviously been extended over time. There is very little room left for anything else that might be done on her land, let alone provide parking space. Indeed, the steps leading up to her home's front entrance actually encroaches on defendant's land. Moreover, the only natural entry-point for ingress onto plaintiff's parcel from the access road is blocked by her late husband's concrete tomb. Thus, what is really being sought here is not an easement of necessity, but an easement of convenience. In short, plaintiff desires more land from the defendant so that she and her invitees can park vehicles right next to her house, albeit outside her boundary line.

■ But the dimensions of plaintiff's house, and the location of her husband's tomb were not of the defendant's doing. We fail to see how it is that plaintiff's choices, as to what is done on her land, may somehow

---

[1] The enactment reads in relevant part:
> No agreement for the sale of real property or of any interest therein is valid unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged or his agent thereunto authorized in writing . . . .

then give rise to a dominant/servient tenement relationship between her parcel and her grantor's remaining land. The implied easement of necessity doctrine simply does not apply on the facts before us.

## 3. Irrevocable License

■■■■ The theory here seems to be equity based, suggesting the creation of a servitude by estoppel. Sometimes referred to as the executed-parol-license doctrine, the creation of a servitude by estoppel arises where an:

> owner [of land] permit[s] another to use that land under circumstances in which it was reasonable to foresee that the user would substantially change position believing that the permission would not be revoked, and the user did substantially change position in reasonable reliance on that belief.

RESTATEMENT (THIRD) OF PROPERTY § 2.10(1) (2000). Under this rule, a landowner may be estopped to deny the existence of a servitude burdening the land only if the establishment of the servitude is necessary to avoid an injustice. *See id.* at Comment e. But at the same time, "courts should be careful not to penalize persons who engage in neighborly acts of courtesy and cooperation by permitting others to use their land." *Id.*

Plaintiff contends that she acquired some sort of irrevocable license to use defendant's adjacent land, based on her past use of his land to locate an *umukuka* (cook-house), plant a line of coconut trees and a breadfruit tree, as well as her belief that the defendant would at some future time sell her more land. Additionally, she argues that her family had expended a great deal of money on improvements to the area, including leveling, carting in loads of cinders, and laying down old purse-seiner fish netting to check erosion.

We confirm from our site visit that the leveling, cinder filling, and laying of fish netting as claimed by plaintiff and her family were very evidently related to the actual defined access way that traverses over defendant's land from the public roadway toward plaintiff's parcel. But plaintiff's use of this defined access way is not at issue nor contested by the defendant.

Apparently, what plaintiff appears to be canvassing is the novel idea that improvements to the access way can somehow be extended as grounds to burden an adjacent area of the grantor's land beyond the access way, There is no basis in law or equity for this remarkable contention. Alternatively, if plaintiff is arguing that her setting up of the *umukuka* and her planting of a breadfruit as well as a few coconut trees qualifies

253

as a "substantial change in position" to invoke the servitude by estoppel rule, she is sorely stretching the limits of credulity.

Judgment must enter in favor of the defendant.

It is so ordered.